UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


ROBROY WILLIAMS

v.                                                      Case No.: 8:11-cv-158-T-24-TBM
                                                                    8:04-cr-158-T-24-TBM

UNITED STATES OF AMERICA

_____/

### ORDER

        This cause comes before the Court on Petitioner Robroy Williams' amended motion to

vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255.  (CV Doc.

No. 3, Ex. 1; CR Doc. No. 229).   Because review of the motion and the file in the case

conclusively show that Petitioner is not entitled to relief, the Court will not cause notice thereof

to be served upon the United States Attorney but shall proceed to address the matter.  28 U.S.C.

§ 2255(b).

### I.  Background

        On January 8, 2009, Petitioner pled guilty to two charges–conspiracy to distribute 5

kilograms or more of cocaine and 1,000 kilograms or more of marijuana, knowing and intending

it to be unlawfully imported into the U.S. (Count One) and conspiracy with others who were

aboard a vessel subject to the jurisdiction of the U.S. to possess with intent to distribute 5

kilograms or more of cocaine (Count Two).  On March 26, 2009, Petitioner was sentenced to 360

months of imprisonment.  (CR Doc. No. 187).  Petitioner appealed his sentence, and the

Eleventh Circuit affirmed on January 22, 2010.  (CR Doc. No. 210).  On January 21, 2011, he

timely submitted the instant § 2255 motion for filing.

## II.  Motion to Vacate Sentence

Petitioner moves to vacate his conviction and sentence based on his contention that his counsel was ineffective for promising him that if he pled guilty, he would only receive a ten year sentence.  Petitioner argues that had he known that he was subject to a firearm enhancement and leadership role enhancement, and thus it was not likely that he would get the promised ten year sentence, he would not have pled guilty.  As explained below, the Court rejects this argument due to the conflicting statements made by Petitioner, under oath, during the plea colloquy.

### A.  Plea Colloquy

At the guilty plea hearing, Petitioner was placed under oath and the following exchanges occurred between the Court, Petitioner, and his defense counsel, Mr. Mair:

THE COURT:  . . . I just wanted to make sure that you understood that you had the right to go to trial, but if you plead guilty today, I'll cancel that jury and there will be no trial.

THE DEFENDANT:  And if I plead guilty, what [sic] the sentence?

THE COURT:  I can't tell you that.  I don't know what the sentence will be.  What will happen is I will order a report from our probation department, and that usually takes about three months.  So I will set sentencing off for about three months.  And I will look at what's in that report.  I will look at the advisory guidelines.  I'll consider a sentence that is sufficient, but not greater than necessary.  If there is a minimum mandatory sentence, I must impose at least the minimum mandatory sentence, but I cannot tell you, nor can your attorney tell you exactly what the sentence will be today.

\*       \*       \*

THE COURT:  . . . The penalty for the offense charged in Count I, it is punishable by a minimum term of imprisonment of 10 years, and it could go up to life. . . . [Count II] has a minimum mandatory sentence of 10 years.  It has a maximum sentence of life. . . . Do you have any questions about what you're charged with . . . or what the maximum penalties are?

THE DEFENDANT:  No.

THE COURT:          . . . I can't tell you what the sentence is going to be.  Your
                    attorney can't tell you what the sentence is going to be.  If
                    you end up pleading guilty today, I will order a report from
                    the probation department, and I will set sentencing off for
                    about three months, and at that time I will impose sentence.
                    I will look at the presentence report.  I will consider the
                    sentencing guidelines.  I will consider a sentence that is
                    sufficient but not greater than necessary under Title 18,
                    United States Code, Section 3553 and anything else that
                    you tell me or [the Assistant U.S. Attorney] tells me prior
                    to sentencing or at sentencing.  And I will at that time
                    impose sentence. . . . Do you have any questions about
                    that?

THE DEFENDANT:  No.  No, Your Honor.  Don't have any question about that.

                              *         *         *

THE COURT:          . . . Have you had an opportunity to go over th[e] amended
                    notice of maximum penalty and elements and factual basis
                    with your attorney?

THE DEFENDANT: Yes, ma'am.

                              *         *         *

THE COURT:          [To defense counsel] . . . You haven't promised [the
                    defendant] what the sentence will be, have you?

MR. MAIR:          I couldn't possibly do that, Your Honor.

THE COURT:          Okay.  And as I've told him as well, I can't tell him that.
                    So – just wanted to make sure that – that that was the case.
                    And did you talk about guidelines with him, and that we
                    will calculate sentencing guidelines?

MR. MAIR:          Sure, Your Honor.

THE COURT:          And that this – both of these crimes have minimum
                    mandatory sentences?

MR. MAIR:           Yes, Your Honor.

THE COURT:          Okay.  And you talked about the maximum penalties for
                    each of these crimes?

MR. MAIR:           Sure, Your Honor.

                              *        *        *

THE COURT:          [To Defendant] . . . We've talked about no promises of a
                    sentence.  And your attorney has said he hasn't promised
                    you anything about a sentence.  I certainly can't promise
                    you anything. . . . [H]as anybody promised you anything, or
                    offered you anything, or threatened you in order to get you
                    to change your plea today?

THE DEFENDANT:  No, Your Honor.

(CV Doc. No. 2, Ex. 1, p. 12, 20-21, 24-29, 33).

### B.  Analysis of Petitioner's Ineffective Assistance of Counsel Claim

In Strickland v. Washington, 466 U.S. 668, 687 (1984), the Supreme Court created a two-

part test for determining whether a defendant received ineffective assistance of counsel:

> First, the movant must show that counsel's performance was deficient. . . .
> Second, the movant must show that counsel's deficient performance prejudiced
> the defense.  To prove prejudice, the movant must show that there is a reasonable
> probability that the outcome of the proceedings would have been different but for
> counsel's unprofessional errors.

Patel v. U.S., 252 Fed. Appx. 970, 972 (11th Cir. 2007)(internal citations omitted).

The Court notes that "[t]here is a strong presumption that statements made during the

plea colloquy are true."  Patel, 252 Fed. Appx. at 975 (citation omitted).  As a result, Petitioner

"bears a heavy burden to show that his statements under oath were false."  Id. (citation omitted).

Petitioner's allegation that his attorney promised him a ten year sentence if he pled guilty are in

direct conflict with his statements during the plea colloquy, and he has not produced any

evidence to challenge the veracity of his sworn testimony.  Given his sworn testimony during the

plea colloquy, his ineffective assistance of counsel claim fails.  See id.; Williams v. U.S., 2010

WL 4941962, at *4 (M.D. Ala. Nov. 2, 2010), adopted by 2010 WL 4932728 (M.D. Ala. Nov. 30, 2010).

Furthermore, even if the Court accepted as true Petitioner's allegation that his counsel's performance was deficient in that Mr. Mair promised him that if he pled guilty, he would only get a ten year sentence, the Court finds that Petitioner cannot show prejudice because the Court made it clear to Petitioner prior to accepting his guilty plea that his sentence could not be determined at that time.  Thus, there was no basis for Petitioner to rely on the purportedly "guaranteed" ten year sentence that he claims his attorney promised, since the Court's statements and Mr. Mair's statements to the Court undermine the reliability of such a promise.  Therefore, since there was no basis for Petitioner to rely on the allegedly promised ten year sentence, the Court finds that Petitioner cannot show that he was prejudiced by the alleged promise.  As such, Petitioner's ineffective assistance of counsel claim fails.

## III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Petitioner's amended § 2255 motion is **DENIED**.  The Clerk is directed to enter judgment against Petitioner in the civil case and then close that case.

**CERTIFICATE OF APPEALABILITY AND**

**LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability.  A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability ("COA").  Id.  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  Id. at § 2253(c)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542

U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u> 529 U.S. 473, 484 (2000)), or that "the issues

presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>,

537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n. 4 (1983)).

Petitioner has not made the requisite showing in these circumstances.  Finally, because Petitioner

is not entitled to a certificate of appealability, he is not entitled to appeal <u>in</u> <u>forma</u> <u>pauperis</u>.

      **DONE AND ORDERED** at Tampa, Florida, this 31st day of January, 2011.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record