UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBROY WILLIAMS

v.  Case No.: 8:11-cv-158-T-24-TBM
  8:04-cr-158-T-24-TBM

UNITED STATES OF AMERICA

_____/

**ORDER**

This cause comes before the Court on Petitioner Robroy Williams' Motion for Reconsideration. (Doc. No. 8). As explained below, the motion is denied.

**I. Background**

On January 8, 2009, Petitioner pled guilty to two drug charges and was sentenced to 360 months of imprisonment. Petitioner appealed his sentence, and the Eleventh Circuit affirmed on January 22, 2010. Thereafter, he timely submitted a § 2255 motion for filing, which this Court denied. The Court's order denying his § 2255 motion is the subject of the instant motion for reconsideration.

In denying Petitioner's § 2255 motion, the Court rejected his argument that his counsel was ineffective for promising him that if he pled guilty, he would only receive a ten year sentence. The Court cited extensively from the transcript of the of the plea colloquy, in which the Court very clearly instructed Petitioner that it was impossible for the Court or his attorney to determine what his sentence would be prior to sentencing and that his sentence could be life imprisonment. Furthermore, the Court questioned defense counsel whether he promised Petitioner anything regarding the length of his sentence, and counsel confirmed to the Court that he had not. Finally, the Court questioned Petitioner, and he also confirmed that his counsel had

not promised him anything regarding the length of his sentence. As such, the Court denied Petitioner's § 2255 motion given Petitioner's sworn statements to the Court.

## II. Motion for Reconsideration

There are three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent manifest injustice. Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994)(citations omitted). The Court notes that reconsideration of a previous order is an extraordinary remedy to be employed sparingly. See id. (citations omitted). Upon review of Petitioner's motion, the Court finds that it should be denied, because reconsideration is not warranted.

In the instant motion, Petitioner merely re-argues the arguments that he made in his § 2255 motion. The Court has already considered and rejected those arguments, and Petitioner has not shown a sufficient basis for reconsideration.

## III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Petitioner's Motion for Reconsideration (Doc. No. 8) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 7th day of March, 2011.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record